**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4094
_____

CD&L REALTY LLC,

Appellant.

v.

OWENS ILLINOIS, INC.; OWENS-BROCKWAY GLASS CONTAINER INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1-11-cv-07248)
District Judge:  Honorable Renee M. Bumb

_____

Submitted under Third Circuit LAR 34.1 (a)
on July 15, 2013

(Filed: August 20, 2013)

Before:  RENDELL, SMITH and ROTH, <u>Circuit Judges</u>

_____

O P I N I O N
_____

**RENDELL**, <u>Circuit Judge</u>:

Appellant CD&L Realty LLC appeals the District Court's order confirming an arbitration award dismissing CD&L's claims against Appellee Owens-Brockway Glass Container, Inc. For the reasons discussed below, we will affirm.

## I.

In June 2000, CD&L entered into a Purchase Sale Agreement ("PSA") with Owens-Brockway Glass Container, Inc. ("Owens-Brockway") to purchase a former glass manufacturing property in New Jersey. The PSA contained an arbitration clause that required the parties to arbitrate any dispute arising out of the transaction, and provided that any arbitration award would be final and binding on the parties.

On August 6, 2010, CD&L filed a citizen suit notice under the New Jersey Environmental Rights Act ("ERA") and a demand for arbitration against Owens-Brockway for a "[c]ommercial dispute arising from a Sale Agreement and the Breach thereof." (J.A. 548.) On February 15, 2011, CD&L amended its demand, asserting that Owens-Brockway concealed certain facts about the condition of the property before the parties executed the PSA and that since signing the PSA, Owens-Brockway had not fulfilled its obligations to remediate the property.

On April 14, 2011—eight months after CD&L filed its arbitration demand— CD&L filed a motion claiming that its New Jersey statutory claims were not properly part of the arbitration proceedings. In response, the Arbitrator asked CD&L to re-plead its claims with more specificity. CD&L complied, and on May 16, 2011 amended its demand a second time, advancing claims under the New Jersey Industrial Site Recovery Act ("IRSA"), the ERA, and the New Jersey Consumer Fraud Act. In addition, CD&L

2

contended that Owens-Brockway fraudulently induced it to sign the PSA. CD&L argued that each of these claims rendered the PSA either void or voidable. Following CD&L's May 16 filing, the parties briefed the Arbitrator's jurisdiction over CD&L's statutory claims. On June 8, 2011, the Arbitrator held that it had jurisdiction over CD&L's claims, and on November 9, 2011, after fact and expert discovery, pre-hearing briefing, a two-day arbitration hearing, and post-hearing briefing, the Arbitrator issued a final award dismissing all claims with prejudice.

On November 15, 2011, CD&L filed a complaint and order to show cause in New Jersey Superior Court requesting the court to modify and vacate in part the arbitration award and declare the PSA void.[1] Appellants removed the case to the United States District Court for the District of New Jersey and filed a motion to confirm the arbitration award. The District Court rejected the reasons that CD&L advanced in support of vacating the award, and granted Defendants' motion. CD&L now appeals.

## II.[2]

We review a district court's confirmation of an arbitration award *de novo*. *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 278–79 (3d Cir. 2003). We afford deference to the arbitrator's decision and do not review its decision for

---

[1] In its complaint, CD&L named both Owens-Brockway and Owens-Illinois, even though Owens-Illinois was not a party to the contract or to the arbitration.
[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

factual or legal error. *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005); *China Minmetals Materials Imp. & Exp. Co.*, 334 F.3d at 278-79. If we find that the arbitrator "makes a good faith attempt to [interpret and enforce the contract], even serious errors of law or fact will not subject his award to vacatur." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 220 (3d Cir. 2012), *aff'd*, 133 S. Ct. 2064 (2013). Arbitration awards will be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "[T]here must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *Ario v. Underwriting Members of Synd. 53 At Lloyds*, 618 F.3d 277, 295-96 (3d Cir. 2010) (quoting *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 367, 379 (3d Cir. 1995)).

**III.**

CD&L raises three issues on appeal. First, it argues that the PSA was void because Owens-Brockway did not have the approval of the New Jersey Department of Environmental Protection (NJDEP) to sell the property, and because this implicated the existence of the contract, the District Court, not the Arbitrator had the authority to rule on this issue. Second, CD&L argues that because the parties elected to arbitrate in New Jersey, they intended the exclusive enforcement mechanisms of the New Jersey Arbitration Act to apply. Finally, it maintains that the Arbitrator's decision ignored the remediation requirements for the property, and as a result, should have been vacated on

4

the grounds that it was in manifest disregard of New Jersey environmental laws and is contrary to public policy. We find that none of these arguments have merit.

### a. The Arbitrator's Jurisdiction

CD&L contends that under *Sandvik AB v. Advent Int'l Corp*, 220 F.3d 99 (3d Cir. 2000), the District Court, not the Arbitrator, had the authority to address CD&L's argument that the PSA was void—and therefore non-existent—because Owens-Brockway did not obtain NJDEP's approval to sell the property. We disagree with CD&L's premise that the failure to obtain NJDEP's approval rendered the PSA void. N.J.S.A. 13:1k-13 states that "[f]ailure of the transferor to perform a remediation and obtain department approval thereof as required pursuant to the provision of this act is *grounds for voiding the sale*. . . ." (emphasis added). By the statute's own terms, failure to obtain NJDEP's approval is simply grounds for CD&L's declaring the PSA unenforceable—*it does not implicate its formation.* It merely provided a grounds for CD&L to avoid its obligations if it so desired. Thus, we agree with the Arbitrator that because the issue presented did not go to the existence of the contract, but, rather its validity or enforceability, that the Arbitrator had the authority to resolve the dispute. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006); *see also SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 274 (3d Cir. 2013).

With respect to its enforceability, the Arbitrator determined that CD&L's "belated presentation of [its ISRA] argument [was] . . . time barred because [CD&L] clearly knew of the situation at closing and waived any objection then and through years of failure to raise it until presenting that argument in this proceeding." (J.A. 63.) CD&L had the

5

opportunity to declare the PSA unenforceable early on but did not do so. Thus, we agree with the Arbitrator that N.J.S.A. 13:1k-13 was not a bar to the enforcement of the PSA.

### b. The FAA

CD&L argues that the District Court erred in reviewing the arbitration award under the FAA because the New Jersey Arbitration Act applies. Although the PSA does not mention the New Jersey Arbitration Act, CD&L contends that the PSA's selection of New Jersey as the arbitration venue indicates the parties' intent for the Act to apply. We disagree. It is well established that absent clear intent to apply a non-FAA standard, the FAA standard is to be applied. *Ario*, 618 F.3d at 295. Thus, we will affirm the District Court's decision to apply the FAA.

### c. Manifest Disregard of the Law & Public Policy

CD&L's final argument is that the Arbitrator's award is in manifest disregard of New Jersey environmental laws and violates public policy. Both of these contentions are based on CD&L's assertion that Defendants violated the ISRA by not sufficiently remediating the property.

We agree with the District Court that the Arbitrator's award did not disregard the law or violate public policy because it resolved only the parties' private rights under the contract. The arbitration award does not excuse Defendants from complying with any environmental laws, and NJDEP still has the power to pursue various remedies against either party pursuant to its obligations under New Jersey environmental law. As the arbitration award did not run afoul of any New Jersey environmental policy or manifestly

6

disregard any law, we will affirm the District Court's order affirming the arbitration award. [3]

## IV.

For the reasons stated above, we will affirm the order of the District Court.

---

[3] We assume, without deciding, that the "violation of public policy" and the "manifest disregard of law" grounds for vacatur survive *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008).